UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PEAK AND PRAIRIE HOMES, LLC,<br><br>Defendant. | Court File No.: 3:14-CV-00030-RRE/KKK<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTIONS IN LIMINE** |

Pursuant to the Court's directive at the hearing on December 21, 2015, Plaintiff hereby submits for the Court's consideration the full transcript of the deposition of Zack Jones of Wardcraft Homes. In addition, the Plaintiff would like the Court to take note of the following relevant sections of the depositions of Zack Jones and Carl Rasmussen[1]:

1. **Mr. Evanger's Opinions About General Contractor Duties Are Not Based on Facts in the Record**

    a. **Peak and Prairie's Responsibility to Install the Subject Attic Light**.

The owner of Peak and Prairie, Carl Rasmussen, testified that his company understood it was responsible for the installation of the interior light fixtures, and he felt his company was qualified to do so:

[Rasmussen Depo., p. 138: Line 21- p. 139: Line 13]

---

[1] Carl Rasmussen's full deposition transcript was previously filed with the Court as ECF 22, Exhibit 5.

1

### b. Peak and Prairie's Employee had Installed Attic Lights in Other Neighborhood Homes and Knew the Same had to be Installed in the Subject Home.

In his deposition, Peak and Prairie's owner testified about admissions made during a conversation he had with his employee, Eugene Wallace, on the night of the fire:

[Rasmussen Depo., p. 23, Line 2 – p. 24: Line 1; p. 113: Line 8 - p. 114: Line 11; p. 134: Lines 5-19 ]

### c. Peak and Prairie Does Not Recall Whether or Not It Received the Revised Plans Showing the Placement of the Light Fixture in Attic for the Subject Property.

Despite the claims in Defendant's Memorandum in Opposition that Peak and Prairie never received the revised plans showing the location of the light fixture in the attic[2], in his deposition, Peak and Prairie's owner testified that he could not recall whether or not he had received the revised plans and further testified that it was unlikely that he would have looked at it if he had:

[Rasmussen Depo., p. 80, Line 10-25; p. 81: p. 82; p. 83: Lines 1-9 ]

Moreover, both Carl Rasmussen and Zack Jones testified that the assembler would need to be in the attic in order to put the home together.

[Rasmussen Depo., p. 58; p. 59: p. 82; Lines 1-11 ]

[Jones Depo., p. 65, Line 1-14 ]

---

[2] ECF 49, p.4

In addition, Jones testified that had Rasumussen not received the revised plans or could not locate them, he could have contacted Jones for a copy:

[Jones Depo., p. 69, Line 16-25; p. 81: p. 82; p. 83: Lines 1-9 ]

2. **This Court Must Prohibit Peak & Prairie From Arguing the Negligence of Wardcraft because It Has No Expert Opinions and No Facts to Support the Allegation.**

Peak and Prairie has stated "it is undisputed the home as shipped violated the electrical code. *Jones pg 55, lns 12-16*" [ECF 49, p. 8). That section of the Zack Jones trial deposition transcript does not support that assertion.[3] In fact, Wardcraft specifically testified that prior to the home being energized all lights fixtures were to be installed or set.

[Jones Depo., p. 66, Line 1-14 ]

## CONCLUSION

For the foregoing reasons, Travelers asks that the Court grant its four Motions in Limine as set forth above and any other relief the Court deems appropriate.

By: s/Michelle D. Hurley
Steven L. Theesfeld (ID #06678)
Michelle D. Hurley (Pro Hac Vice)
Attorneys for Plaintiff
2050 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN  55402
(612) 338-6000
(612) 344-1689
stheesfeld@yostbaill.com
mhurley@yostbaill.com

---

[3] As mentioned at the hearing before the Court, Zack Jones is unavailable for trial so the parties took a trial deposition of him. Whatever statements or lack of statements made during his deposition is all the jury will hear at trial.

3